FILED
2013 Aug-06  PM 02:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY S. CLEGG, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No.  5:12-cv-00226-JHH-HGD |
| | ) | |
| BRADLEY A. SNIPES, et al., | ) | |
| | ) | |
| Defendants | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Jeffrey S. Clegg, hereinafter referred to as plaintiff, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged.  Plaintiff is currently incarcerated at Elmore Correctional Facility in Elmore, Alabama.  Plaintiff names as defendants Huntsville Police Department Officers Bradley A. Snipes, Jason A. Potter, Dwight Hasty, Brett McCulley, Schrader, Jansen, Moore, Smart, M. Lackey, T. Royster, and Tim Whisante.  Plaintiff seeks monetary and injunctive relief.  In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation.  *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  Thus, under § 1915A, the court may *sua sponte* dismiss a prisoner's complaint prior to service.  Nevertheless, in order to protect a *pro se* prisoner's right of access to the courts, these complaints are read by less stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

## FACTUAL ALLEGATIONS

On November 13, 2009, the named defendants, Huntsville Police Department officers and investigators, arrested plaintiff without a warrant or probable cause. (Amend. Compl. at 3).  For two months prior to plaintiff's arrest, Officer Bradley Snipes repeatedly stopped plaintiff without probable cause, alleging that plaintiff fit the description of a suspect in four armed robberies.  *Id*. at 5-6.  Snipes would direct plaintiff to hold out his arms so that Snipes could see if there were any intravenous

needle marks on plaintiff's arms.  *Id*. at 6.  Snipes would also search the trunk of plaintiff's car, stating that plaintiff was coming from a known drug area even though plaintiff lived in the area.  *Id*. at 6-7.

On November 13, 2009, an Advance Auto Parts store was robbed.  (Amend. Compl. at 7).  Defendants waited outside of plaintiff's house for him to return.  *Id*. Officer Jason Potter ran up to plaintiff's house, pulled out his gun, and told plaintiff that he was going to "blow [plaintiff's] head off."  (Amend. Compl. at 7).  Plaintiff began to run.  *Id*. at 7-8.

Around December 2011, plaintiff learned from his attorney that Potter had conducted "an unlawful inventory search" of plaintiff's car on November 13, 2009, after plaintiff ran from police.  *Id*. at 8.  Plaintiff contends that Potter did not have a warrant, probable cause, or reasonable suspicion to search his car.  *Id*. at 8.  Masks, money, and a gun were found in plaintiff's car.  *Id*. at 8-9.

Plaintiff was arrested and charged with robbing the Advance Auto Parts store and was also charged with robbing Piggly Wiggly, Auto Zone, and O'Reilly Auto Parts.  (Amend. Compl. at 8).  Plaintiff argues that since police had not made any arrests in the additional robberies, defendants "pinned" the robberies on him.  *Id*.

Investigators Brett McCulley, T. Royster, Dwight Hasty, M. Lackey, and T. Whisante placed an "oversized photocopy" of plaintiff's North Carolina driver's

license in the grand jury file, stating that he was the person identified in the robberies. (Amend. Compl. at 11).   Plaintiff claims no one identified him as the suspect in the robberies.  *Id*.  Plaintiff contends that the copy of his driver's license in the file resulted in him being indicted for five first degree robberies.  *Id*.

Plaintiff alleges that he is entitled to "equitable tolling" of his claims because he did not discover defendants' alleged constitutional violations until he received the police reports from his attorney in December 2011.  (Amend. Compl. at 12).

**DISCUSSION**

**A.**   **Fourth Amendment – False Arrest and Illegal Stops & Searches**

Plaintiff's claims against defendants concerning most of the events which occurred in 2009 are barred by the statute of limitations.  The United States Supreme Court has held that the proper statute of limitations for a 42 U.S.C. § 1983 action is the forum state's general or residual statute of limitations for personal injury.  *See Owens v. Okure*, 488 U.S. 235, 236, 249-50 (1989).  The residual statute of limitations for personal injury in Alabama is two (2) years.  Ala. Code § 6-2-38(1) (1975).

A cause of action accrues and the limitations period begins to run when a plaintiff "knows or has reason to know of the injury which is the basis of the action." *Corn v. City of Lauderdale Lakes*, 904 F.2d 585, 588 (11th Cir. 1990); *see also*

*McNair v. Allen*, 515 F.3d 1168, 1174 (11th Cir. 2008).  The Eleventh Circuit Court of Appeals has stated that "the statute [of limitations] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Calhoun v. Alabama Alcoholic Beverage Control Board*, 705 F.2d 422, 425 (11th Cir. 1983) (quoting *Reeb v. Econ. Opportunity Atlanta, Inc.*, 516 F.2d 924, 930 (5th Cir. 1975)).  Therefore, a § 1983 action does not accrue until the plaintiff knows or has reason to know that he or she has been injured.  *See Calhoun*, 705 F.2d at 424.  Moreover, a § 1983 action will not accrue until the plaintiff is aware or should have been aware who has inflicted the injury.  *See Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987).

On November 13, 2009, plaintiff alleges police arrested him without a warrant or probable cause for robbing an Advance Auto Parts store.  Plaintiff alleges that for two months prior to his arrest, Officer Snipes stopped him without probable cause, claiming that he fit the description of a robbery suspect.  Snipes would instruct plaintiff to hold out his arms so that Snipes could see if plaintiff had needle marks on his arms.  Snipes also searched the trunk of plaintiff's car.

Plaintiff's allegations that he was stopped and his vehicle was searched without a warrant or probable cause and that he was falsely arrested accrued from approximately September to November 2009.  On these dates, plaintiff was aware or

should have been aware that his constitutional rights had been violated. Plaintiff did not file the present action until January 19, 2012.  (Compl. at 4.)  Based on the foregoing, plaintiff's claims against defendants based on such actions are barred by the statute of limitations, and are due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief may be granted.

**B.    <u>Fourth Amendment – Illegal Search & Seizure</u>**

Plaintiff also asserts that after he ran from police on November 13, 2009, Officer Potter conducted an illegal search of his car.  He contends that he did not know about the unlawful search of his vehicle until he reviewed documents submitted to him by his lawyer in December 2011.  Since a § 1983 action will not accrue until a plaintiff is aware or should have been aware who has inflicted the injury, plaintiff's claims regarding the unlawful search are deemed timely.  *See Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987).

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a state prisoner may not bring a claim for damages for an allegedly unconstitutional conviction or imprisonment under 42 U.S.C. § 1983 "if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction."  *Id*. at 487.  However, because an illegal search and seizure may be followed by a valid conviction, a successful § 1983 action for a Fourth

Amendment search and seizure violation does not necessarily imply the invalidity of a conviction. *Id.* at 487 n.7.

In the present case, the circumstances surrounding plaintiff's conviction and present confinement in state prison are unknown from the record. It is therefore impossible for the court to determine whether a successful § 1983 action for unreasonable search and seizure would necessarily imply the invalidity of the plaintiff's conviction. Therefore, at this juncture, plaintiff's Fourth Amendment claim that Defendant Potter conducted an illegal search of his vehicle on November 13, 2009, cannot be dismissed under *Heck*.

A search conducted without a warrant is "per se unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions." *Arizona v. Gant*, 556 U.S. 332, 338 (2009) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)). These exceptions include: (1) plain view; (2) consent; (3) searches incident to a lawful arrest; (4) hot pursuit or emergency situations; (5) exigent circumstances; (6) automobile exception; and (7) inventory searches. *See Texas v. Brown*, 460 U.S. 730, 735-36 (1983); *Colorado v. Bertine*, 479 U.S. 367, 371 (1987). However, defendant Potter bears the burden of justifying the search of plaintiff's car without a warrant. Indeed, if a person "establishes an expectation of privacy and that the search and seizure took place without a search

warrant, then the burden shifts to the state to establish that an exception to the search warrant requirement was applicable in the subject case and that the search and seizure was, in fact, a reasonable one." *O'Rourke v. Hayes*, 378 F.3d 1201, 1208 (11th Cir. 2004) (quoting *United States v. Bachner*, 706 F.2d 1121, 1126 (11th Cir. 1983)).

To the extent plaintiff alleges a Fourth Amendment search and seizure claim against defendant Potter, such claim should be referred to the undersigned for further proceedings.  Plaintiff has alleged sufficient facts to require a Special Report from this defendant.

## C.   Fourteenth Amendment Due Process – Grand Jury Indictments

Plaintiff complains that defendants Brett McCulley, T. Royster, Dwight Hasty, M. Lackey, and T. Whisante placed a copy of his North Carolina driver's license in the grand jury file, stating that he had been identified as a suspect in the robberies.  He claims, however, that he was never identified in any of the robberies.  Plaintiff contends he was indicted for five robberies as a result of the defendants' actions. Plaintiff does not allege on what date this occurred.  However, to the extent plaintiff seeks monetary damages for defendants submitting false information to the grand jury, his claims are due to be dismissed.  The United States Supreme Court held in *Heck v. Humphrey*:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by

> actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. 477, 486-87 (1994).

Therefore, when a prisoner seeks damages in a § 1983 action, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction.  If that would be the result of the court's action, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  *See Heck* at 486-87.  Because plaintiff's allegations that he was indicted because defendants placed an oversized copy of his driver's license in the grand jury file and falsely claimed that plaintiff had been identified as a suspect in the robberies implicate criminal proceedings that have not been invalidated, any request for damages is premature and must be dismissed.  *See United States v. DiBernardo*, 775 F.2d 1470, 1475 (11th Cir. 1985) (noting that the

intentional provision of false testimony in grand jury proceedings may justify dismissal of an indictment); *Combs v. City of Dallas*, 289 Fed. App'x 684, 687-88 (5th Cir. 2008) (*Heck* barred plaintiff's *Bivens* claims that DEA agents knowingly and intentionally gave false information to grand jury resulting in indictments and ultimate conviction because plaintiff had not shown that his conviction had been reversed, expunged, or declared invalid).

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Accordingly, for the reasons stated above, the magistrate judge RECOMMENDS that plaintiff's Fourth and Fourteenth Amendment claims against defendants concerning the 2009 traffic stops and searches, his subsequent arrest, and grand jury indictments for robbery are DISMISSED for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).  The magistrate judge further RECOMMENDS that plaintiff's Fourth Amendment illegal search and seizure claim against defendant Jason Potter be REFERRED to the undersigned magistrate judge for further proceedings.

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court.  Any objections to the failure of the magistrate judge to address any

contention raised in the complaint or petition also must be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*). In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  Objections not meeting this specificity requirement will not be considered by a district judge.  IT IS NOT NECESSARY FOR PLAINTIFF OR PETITIONER TO REPEAT HIS LEGAL ARGUMENTS.  AS TO THE FACTS, IF PLAINTIFF OR PETITIONER DOES RESPOND, HE SHOULD LIMIT HIMSELF TO ADDRESSING THE STATEMENTS OF FACT CONTAINED IN THE REPORT AND RECOMMENDATION TO WHICH HE OBJECTS.  HE ALSO SHOULD OBJECT TO ANY FACTS NOT INCLUDED IN THE REPORT AND RECOMMENDATION WHICH HE CONTENDS SHOULD HAVE BEEN INCLUDED.  THE FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL EVIDENCE.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.  The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record.  The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

DONE this 6th day of August, 2013.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE